# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3318

_____

United States of America,

           Appellee,

    v.

Jeffrey Lamar Crawford,

           Appellant.

\*       Appeal from the United States
\*       District Court for the Eastern
\*       District of Missouri.
\*
\*       [UNPUBLISHED]

_____

Submitted: April 28, 2010
Filed: May 20, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeffrey Crawford directly appeals after he was sentenced in the district court[1] upon his guilty plea to knowingly possessing with intent to distribute 50 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Crawford's counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and has moved to withdraw. Crawford has filed a pro se supplemental brief, in which he argues that his right to a speedy trial was violated. He has also filed

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

two petitions for a writ of mandamus, a motion to dismiss the underlying indictment, two motions for appointment of new counsel, and a motion to supplement the record.

Upon careful review, we conclude that Crawford's right to a speedy trial has not been violated, that the district court committed no procedural or substantive error in sentencing Crawford, and that there is no basis for granting a writ of mandamus. See 18 U.S.C. § 3161(h)(1) (periods of delay shall be excluded in computing time within which trial must commence if they resulted from, inter alia, proceeding to determine mental capacity, interlocutory appeal, or any pretrial motion); United States v. Bonilla-Filomeno, 579 F.3d 852, 855 (8th Cir. 2009) (periods of delay caused by pretrial motions are excluded from calculation, as are continuances granted by court in order to best serve ends of justice); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, then considers substantive reasonableness of sentence; describing factors demonstrating procedural error); In re MidAmerican Energy Co., 286 F.3d 483, 486 (8th Cir. 2002) (per curiam) (mandamus is extraordinary remedy reserved for extraordinary circumstances, such as those amounting to judicial usurpation of power). Last, to the extent that Crawford's pro se filings raise an ineffective-assistance claim, we decline to address it on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment, we grant counsel's motion to withdraw, and we deny Crawford's mandamus petitions and pro se motions.

_____